```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GLEN CAMPBELL,

                        Plaintiff,

           -against-

NASSAU COUNTY SHERIFF
DEPARTMENT OF CORRECTIONS,

                        Defendant.
------------------------------------------------------X
```

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-505 (CBA)
14-CV-7009 (CBA)

AMON, Chief United States District Judge:

On July 30, 2014, the Court dismissed pro se plaintiff Glen Campbell's complaint for failure to state a claim on which relief can be granted and entered Judgment against him. (14-CV-505, DE # 4-5.) More than three months later, on October 15, 2014, Campbell filed a notice of appeal and sought leave to extend the period under which he could file that notice. (Id., DE # 6-7.) Since the notice failed to comply with the timeliness requirements set forth in Rule 4 of the Federal Rules of Appellate Procedure, the Court denied his motion and dismissed the notice of appeal on October 31, 2014. (Id., DE # 8.) The Second Circuit dismissed Campbell's appeal for failure to pay the requisite filing fee on December 9, 2014 and the Mandate issued on January 6, 2015. (DE # 9.)

On November 18, 2014, Campbell again initiated an action in this Court. (14-CV-7009, DE # 1.) Not only did his subsequent action rely on the same facts as his prior one, he merely refiled the Complaint he used in the 14-CV-505 action. Along with the Complaint, Campbell enclosed a letter expressing confusion about where to file his papers. (Id. at 16.) Campbell stated that he had previously filed a complaint in the "Albany Court of Claims" and in a

1

"Brooklyn Court," presumably this Court, and noted that both had dismissed his actions. (Id.) He claimed that this Court's Order dismissing his action provided "a paper giving this court address for me to file here" and stated that he "hoped this [is] the right court." (Id.)

## DISCUSSION

Given the procedural posture of Campbell's litigations, the Court first considers whether he is entitled to relief from the final Judgment entered against him in the first case, (14-CV-505, DE # 5), before determining whether his most recent Complaint should be dismissed pursuant to 28 U.S.C. § 1915.

### I. Rule 60

Applying the liberal reading afforded to pro se plaintiffs, Erickson v. Pardus, 551 U.S. 89 (2007), the Court construes Campbell's letter as a challenge to its July 29, 2014 Order under Federal Rule of Civil Procedure 60. In that Order, the Court held that "a due process claim arising from a property deprivation is not cognizable under § 1983 if 'adequate state post-deprivation remedies are available.'" (14-CV-505, DE # 4, at 3 (quoting Davis v. New York, 311 Fed. App'x 397, 400 (2d Cir. 1999)). In concluding that such a remedy exists for Campbell, the Court noted that he may pursue an action in the New York Court of Claims pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § 1700.3(b)(4). (Id.) Campbell's recent letter implicitly contests that finding by noting that he did file such an action, but the Court of Claims dismissed it for lack of jurisdiction. (14-CV-7009, DE # 1, at 16.)

Upon reconsideration, the Court finds that Campbell raises a valid point. The claims review process established in the New York Compilation of Codes, Rules & Regulations ("NYCRR") applies only to inmates incarcerated in facilities run by the New York State

Department of Corrections. See NYCRR tit. 7, §§ 1.0, 1.5, 1700.3. Since Campbell is jailed in the Nassau County Correctional Center—not a state prison—that claims process is unavailable to him. See id.; see also Tartt v. City of New York, No. 12-CV-5405 (VEC), 2014 WL 3702594, at *1 n.1 (S.D.N.Y. July 16, 2014) (withdrawing opinion that erroneously applied provisions of the NYCRR to claims of a prisoner held in a New York City facility).[1]

Despite that error in the Court's Order, Campbell is not entitled to relief from the final Judgment against him. Although the specific claims procedure identified by the Court could not address Campbell's claim, other state law remedies, including tort law, could. See Cantave v. N.Y.C. Police Officers, No. 09-CV-2226 (CBA)(LB), 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011) (dismissing deprivation of property claims because "New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion") (quoting Dove v. City of New York, No. 99-CV-3020 (DC), 2000 WL 342682, at *3 (S.D.N.Y. Mar. 30, 2000)); Belton v. City of New York, No. 05-CV-2937 (DGT), 2005 WL 2133593, at *2-3 (E.D.N.Y. Sept. 1, 2005) (dismissing similar claims pursuant to 28 U.S.C. § 1915(e)); see also Hudson v. Palmer, 468 U.S. 517, 535 (1984) (holding potential for larger recovery under § 1983 "is not . . . determinative of the adequacy of the state remedies."). Since

---

[1] Although other courts in this District have found that county prisoners may avail themselves of the claims procedure outlined in NYCRR tit. 7, § 1700.3, none of those cases explain why state prison regulations govern county jails. See Belton v. Suffolk Cnty. Police Headquarters, No. 14-CV-4193 (JS) (WDW), 2014 WL 3870024, at *3 (E.D.N.Y. Aug. 6, 2014); Icangelo v. Suffolk Cnty. Jail, No. 12-CV-5505 (SJF) (ARL), 2013 WL 357601, at *5 (E.D.N.Y. Jan. 28, 2013); Smith v. Demarco, No. 11-CV-0632 (JS) (WDW), 2011 WL 817420, at *2 (E.D.N.Y. Feb. 23, 2011) (Suffolk County Sheriff). Given that Title 7 of the NYCRR explicitly limits its scope to state-run facilities, the Court declines to follow those decisions. See Tartt, 2014 WL 3702594, at *1 n.1 (citing NYCRR tit. 7, §§ 1.0, 1.5).

Campbell could have found recovery through the commencement of a state law tort action, his § 1983 claim was properly dismissed.[2]

Moreover, as the Court previously held, Campbell's claim would fail even if he had properly alleged a constitutional deprivation because the Nassau County Sheriff's Department is not a suable entity. (14-CV-505, DE # 4, at 3 (citing cases).) Nor could a claim against Nassau County survive because Campbell neither identifies any individual violators nor establishes that his clothes were lost as a result of a municipal policy or custom. (Id. at 4-5.)

## II. Res Judicata

The remaining issue—whether to dismiss Campbell's most recent lawsuit—is a simple one. The doctrine of res judicata precludes a plaintiff from filing a new action based on the same facts as one previously decided and applies with equal force to dismissals under 28 U.S.C. § 1915. See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (dismissal under 28 U.S.C. § 1915(e) has preclusive effect on subsequent litigations); Augustus v. AHRC Nassau, No. 13-CV-6227 (PKC), 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 20, 2013) ("[W]here the claim clearly is barred on the basis of res judicata, district courts may dismiss a case as frivolous or for failing to state a claim upon which relief can be granted under

---

[2] Dismissal was particularly appropriate here because the record shows that Campbell could have achieved redress through the jail's grievance system. Specifically Campbell attaches to his Complaint a letter he received from correctional officials advising that he could seek reimbursement for his lost clothing from the Nassau County Comptroller's Office using a form available in the facility's law library. (14-CV-7009, DE # 1, at 7.) Since the Prison Litigation Reform Act precludes inmates from suing on unexhausted claims, 42 U.S.C. § 1997e(a), his failure to pursue that avenue of recovery also compels dismissal of this action. See Sloane v. Mazzuca, No. 04-CV-8266 (KMK), 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[A] complaint may be dismissed if plaintiff's failure to exhaust administrative remedies is apparent from the face of the complaint.").

28 U.S.C. § 1915(e)(2)(B)(i) or (ii)."). Given that Campbell's recent suit merely refiles the Complaint that this Court previously dismissed, (compare 14-CV-505, DE # 1, with 14-CV-7009, DE # 1), the final Judgment in the prior action mandates dismissal of this one as well. See Cieszkowska, 295 F.3d at 205-06; Augustus, 2013 WL 6173782, at *2; (14-CV-505, DE # 4-5.)

Moreover, even if the Court's prior Judgment did not preclude a second action, the property deprivation claim Campbell raises would still not be cognizable under § 1983 because state tort law provides an adequate remedy. See Cantave, 2011 WL 1239895, at *7; Belton, 2005 WL 2133593; see also Hudson, 468 U.S. at 535. Thus, the Court dismisses Campbell's second suit for failure to state a claim.

## CONCLUSION

Accordingly, the Court modifies its July 29, 2014 Order in the 14-CV-505 action as noted above and otherwise denies Rule 60 relief. Due to the prior Judgment entered against Campbell, (14-CV-505, DE # 4), the Court dismisses the Complaint in the 14-CV-7009 action pursuant to 28 U.S.C. § 1915(e). The Clerk of Court is respectfully directed to close that case and enter Judgment in favor of defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 11, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge